IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LESTER PUERNER,

Plaintiff

v.

DAWN ATKINSON,

Defendant.

ORDER

14-cv-781-slc

---

Plaintiff Lester Puerner is proceeding *pro se* on a claim that defendant Dawn Atkinson violated his rights under the Eighth Amendment and state law by denying him adequate compression supports to treat blood clots in his legs. At the preliminary pretrial conference, I set December 12, 2016, as the deadline by which Puerner must disclose his expert witnesses, and January 27, 2017, as the deadline for dispositive motions. Puerner did not disclose any expert witnesses to defendant by December 12. Instead, and without requesting an extension, on December 29, 2016, Puerner filed a Motion for Appointment of Expert Witness, in which he asks the court to appoint an expert in the field of vascular surgery. Dkt. 50.

In response, defendant Dawn Atkinson filed a Motion in Limine, dkt. 51, seeking an order barring Puerner from presenting expert testimony because he failed to meet the expert witness disclosure deadline. Because it is clear that Puerner is making efforts to secure an expert, I am denying defendant's motion and I will allow Puerner a brief extension of his expert disclosure deadline. In light of this, I also am extending the deadline to file dispositive motions.

I am not convinced that it is necessary to appoint an expert witness to help plaintiff, so I am denying his motion without prejudice. F.R. Ev. 706(a) states that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Expert witnesses are helpful "if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in

issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). When a legal claim by its very nature requires expert testimony to establish all of the required elements for liability and the plaintiff cannot afford an expert, a court may in its discretion appoint a neutral assistant and charge the costs to the defendant. *Id.*

In this case, the trier-of-fact will have to determine whether Atkinson, a nurse at the Oshkosh Correctional Institution, exhibited deliberate indifference to a serious medical need, here Puerner's need for adequate compression supports for his legs. Puerner alleges that in 1999 he received a prescription for 30-40 mmHG compression full length compression from a vascular specialist, but that in 2014 Atkinson reduced his prescription to 20-30 mmHg female supports. Puerner contends that this reduction of 10 mmHG in compression amounts to deliberate indifference to his serious medical needs. Puerner argues that the complex nature of this issue requires expert testimony, especially given that Atkinson will likely use expert testimony in her defense. A letter attached to his motion indicates that he has been attempting to retain the help of experts in the field of vascular surgery but has not yet received a response to his inquiries. Dkt. 50-1.

Atkinson has disclosed Dr. Henry Alba as her expert. Dr. Alba is a physician who specializes in "physical medical and rehabilitation and pain medicine." Dkt. 56 at 2. Dr. Alba opines that Atkinson's decision to change Puerner's prescription was not improper. In particular, Dr. Alba notes that the original prescription was for *either* 20-30 mmHg *or* 30-40 mmHg stockings, and that Puerner had previously benefitted from the 30-40 mmHG stocking because he was working in an assembly line job that required standing for 8 hours. However, according to Dr. Alba, when Puerner stopped working that job, it would have actually been

preferable for Puerner to wear the 20-30mmHg stockings because they were easier to put on and are more comfortable.

While Dr. Alba's opinion is based in part on his specialized knowledge, it also is based in part on a common-sense reading of Puerner's original prescription for compression stockings. At this point, I conclude that the court does not need to appoint an expert to attempt to rebut Dr. Alba's opinion. First, the appropriateness of Atkinson's prescription change is a narrow and straight-forward question about the nature and functions of the different types of compression stockings. It is not a question that is sufficiently complicated to require me to appoint an expert. *See Rachel v. Troutt*, 397-98(7th Cir. 2016) (district court did not abuse its discretion in denying a request for appointment of an expert because the "underlying claim [was] not sufficiently complicated to require an independent medical expert").

Equally important, at least at this stage, Puerner is currently taking diligent steps to secure a volunteer expert on his own behalf. Rather than use court resources and require defendants to pay the costs of appointing a neutral expert, I would prefer to give Puerner a longer opportunity to attempt to retain his own expert, and alternatively–perhaps more realistically-to consider seriously and carefully the option of researching admissible evidence in the form of treatises or online materials discussing the different levels of prescription compression stockings. Accordingly, I am denying his motion without prejudice and will extend Puerner's expert disclosure deadline as well as the dispositive motion deadline.

ORDER

IT IS ORDERED that plaintiff Lester Puerner's Motion to Appoint Expert Witness, dkt. 50, and defendant's Motion in Limine, dkt. 51, are DENIED. Plaintiff's deadline to disclose an expert witness is extended to **February 17, 2017**, and the dispositive motion deadline is extended from January 27, 2017, to **March 17, 2017**.

Entered this 19th day of January, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge